■ Louis Serrante, Appellant, v GJF Construction Corporation, Respondent. [898 NYS2d 458]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered February 25, 2009, after a nonjury trial, dismissing the complaint in its entirety and awarding defendant the total sum of $510,121.10 on its counterclaim for repayment of certain outstanding loans, unanimously affirmed, with costs.

There is no basis for concluding that the trial court's findings could not have been reached under any fair interpretation of the evidence (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]). Based upon the credible testimony of defendant's chief financial officer and the documentary evidence, the court properly held that the monies listed in the corporate loan and exchange ledgers and the balance due for the stock purchase under the shareholders' agreement constituted a valid loan obligation (*see People v Grasso*, 13 Misc 3d 1227[A], 2006 NY Slip Op 52019[U], *22 [Sup Ct, NY County 2006]).

Plaintiff provided no evidence to counter paragraph 6 (b) of the shareholders' agreement which specifically provided that the book value of the surrendered shares would be determined by an accounting firm retained by the company. Nor did he provide any expert testimony to challenge the methodology or valuation of the accountants selected, who determined the price payable for the surrender of plaintiff's shares from which the loan balance was subtracted.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Saxe, Nardelli, McGuire and Moskowitz, JJ.